```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
RONIT D. APPEL,                                                         :
                                                                        :
                              Plaintiff,                                :
                                                                        :           20-CV-6265 (JPC)
              -v-                                                       :
                                                                        :               ORDER
HON. ESTHER HAYUT et al.,                                               :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On November 24, 2020, Plaintiff filed a certificate of service of the summons and complaint on Defendant David Kazhdan (Dkt. 47) and a proposed Clerk's Certificate of Default as to Defendant Kazhdan (Dkt. 48). Because it appeared from Plaintiff's certificate of service that Defendant Kazhdan was served via a process server (Dkt. 47), which is not an appropriate method of service under the Hague Convention, *see Honig v. Cardis Enterprises Int'l N.V.*, No. 14 Civ. 7548 (SJF) (GRB), 2016 WL 6304695, at *7 (E.D.N.Y. Oct. 27, 2016), the Court issued an Order on November 24, 2020 requiring Plaintiff to show cause why her elected method of service was proper or to otherwise file proof of proper service with the Court (Dkt. 49). In light of this Order, the Clerk's Office denied Plaintiff's proposed Clerk's Certificate of Default. The Court is now in receipt of Plaintiff's response to the Court's November 24, 2020 Order, in which Plaintiff contends that her previous method of service was in fact proper under the Hague Convention. (Dkt. 51.)

The Court first recognizes that, according to Plaintiff, service was not made via a process server, as appeared from Plaintiff's original submission, but rather was done via Rimon Deliveries and Services ("Rimon"), a "delivery business," which in turn effectuated service via the Israeli Post. (*Id.* at 1–2.) Article 10(a) of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters states that "[p]rovided the State of destination does not

object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." Article 10(a) thus "encompasses service by mail . . . as long as the receiving state does not object," but since it does not necessarily "*authorize*[]" such service, "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (citing *Brockmeyer v. May*, 383 F.3d 798, 803–04 (9th Cir. 2004)).

Here, the first condition is easily met, since Israel does not object to Article 10(a) of the Hague Convention. *See Treeline Inv. Partners, LP v. Koren*, No. 07 Civ. 1964, 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007). Plaintiff contends that the second condition is met because service via mail is permissible under Rule 4(f)(2)(A) of the Federal Rules of Civil Procedure, which provides for service "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A). Plaintiff asserts, without a source, that service via mail is permissible under Israeli law.

The Court recognizes that courts are split as to whether service via mail is proper under Rule 4(f)(2)(A). *Compare Brockmeyer*, 383 F.3d at 806 (finding that Rule 4(f)(2)(A) does not allow for service via international mail since because, among other things, "the common understanding of Rule 4(f)(2)(A) is that it is limited to personal service") *with In re Coudert Bros. LLP*, No. 16 Civ. 8237 (KMK), 2017 WL 1944162, at *8 (concluding that the "most natural reading of Rule 4(f)(2)(A), on its face and in context, is that service may be effected by any means prescribed by the law of the recipient country," including by mail). The Court finds Judge Karas's opinion in *In re Coudert Bros. LLP* persuasive, as Rule 4(f)(2)(A) on its face appears to allow, without limitation, service by mail if the recipient country so allows. And although Plaintiff does not cite to any provisions of Israeli law allowing for such service and the Court does not purport to be an expert in

Israeli law, it does appear that Israel does in fact allow for service by mail.  *See* Chapter 32, Civil Law Procedure Regulations 5744-1984.

Because the Court concludes that service via Rimon does appear to have been done in compliance with the standard set forth by the Supreme Court in *Water Splash*, it finds that Plaintiff may again move for a Certificate of Default from the Clerk's Office with respect to Defendant Kazhdan.

SO ORDERED.

Dated: December 7, 2020
New York, New York

_____
JOHN P. CRONAN
United States District Judge