UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

RONIT D. APPEL,

                         Plaintiff,                            1:20-cv-06265-JPC

             -against-

HON. ESTHER HAYUT, YOSEF MEIR COHEN,       **DECLARATION OF**
HON. YAEL ANTEBI-SHARON, MEIR AMIR COHEN,  **RONIT D. APPEL IN**
DAVID KAZHDAN, ALISA RUBIN PELED,          **SUPPORT OF**
DR. KENNETH DAVIS, and DR. DAVID REICH,     **PLAINTIFF'S MOTION**
                                                    **FOR THE IMMEDIATE**
                                                    **RECUSAL OF HON.**
                        Defendants.        **JOHN P. CRONAN**

-------------------------------------------------------------------------------x

       I, Ronit D. Appel, hereby declare as follows:

  1.  I am the plaintiff and counsel for the plaintiff in the referenced action. I respectfully

submit this Declaration in support of my motion seeking that Hon. John P. Cronan immediately

recuse himself from continuing to preside over this action.

  2.  There is overwhelming evidence of *severe corruption* of Hon. Cronan relating to this

action. As a result of Hon. Cronan's many corrupt, unlawful, and/or improper actions and

decisions in this action, his impartiality might, and should, reasonably be questioned.

  3.  Moreover, on July 15, 2021, I commenced a separate action against Hon. Cronan,

captioned *Ronit D. Appel v. Hon. John P. Cronan*, 21-cv-6101 (UA), for unconstitutional actions

taken by Hon. Cronan in the clear absence of any jurisdiction which, in addition to violating

basic constitutional rights of mine, aided and abetted my torture and attempted extrajudicial

killings. The fact that Hon. Cronan is a defendant in an action brought by me, which notably is

closed related to the instant action, further requires Hon. Cronan's immediate recusal. A copy of

my Complaint against Hon. Cronan is attached hereto as **Exhibit 1**.

4.   Although the lawsuit against Hon. Cronan was transferred to him by the Clerk's Office

on July 16, 2021, *i.e.*, ten days ago, pursuant to Rule 13 of the Rules for the Division of Business

Among District Judges "so that he shall decide whether to accept or reject the case" (*see* Rule

13(b)(2)), Hon. Cronan did not reject the case but instead improperly chose not to make any

determination as to whether to accept or reject the case.

5.   By Administrative Order dated July 22, 2021, Hon. Laura Taylor Swain, Chief Judge of

this Court, held that:

> IT APPEARING that Plaintiff Ronit D. Appel, proceeding
> *pro se*, in the case of *Appel v. Cronan*, 21-cv-6101 (UA),
> has brought suit against the Honorable John P. Cronan,
> United States District Judge sitting in the Southern District
> of New York, which includes constitutional claims as well
> as claims of aiding and abetting attempted murder and
> torture, and
>
> IT FURTHER APPEARING that for the above reasons the
> impartiality of the United States District Judges of the
> United States District Court for the Southern District of
> New York might reasonably be questioned;
>
> IT IS THEREFORE DETERMINED that, pursuant to 28
> U.S.C. § 455(a), said United States District Judges of the
> Southern District of New York are disqualified from
> presiding over this civil action, No. 21-cv-6101(UA); and
>
> IT WILL THEREFORE BE REQUESTED that the Chief
> Judge of the United States Court of Appeals for the
> Second Circuit designate a District Judge from outside the
> Southern District of New York, but from within the
> Second Circuit, pursuant to 28 U.S.C. § 292(b), or, in the
> alternative, 28 U.S.C. § 294(c), to perform duties of a
> United States District Judge temporarily for the Southern
> District of New York for the specific case *Ronit D. Appel
> v. John P. Cronan*, 21-cv-6101(UA), and all related
> matters.

A copy of Hon. Swain's Administrative Order is attached hereto as **Exhibit 2**. Hon. Swain's July 22, 2021 Administrative Order makes clear that the request to the Chief Judge of the United States Court of Appeals will be made with respect to *both* the action against Hon. Cronan (*Ronit D. Appel v. Hon. John P. Crona*n, 21-cv-6101 (UA)) as well as *all related matters*, which clearly includes the instant action (*Ronit D. Appel v. Hon. Esther Hayut*, 20-cv-6265 (JPC)). Nonetheless, because Hon. Cronan has, notwithstanding the pendency of my lawsuit filed against him and notwithstanding Hon. Swain's Administrative Order, not recused himself from this action, I am bringing this motion seeking that Hon. Cronan immediately recuse himself from continuing to preside over this action.

6.   Set forth below is a summary of relevant procedural history of this action and a recitation of certain actions taken by Hon. Cronan which together are all indicative of severe corruption of Hon. Cronan. *I note that this list is not intended to be, and is not, an exhaustive list of every corrupt, unlawful, and/or improper act taken, or decision made, by Hon. Cronan in this action nor is it intended to be, and it is not, an exhaustive list of the many corrupt, unlawful, and/or improper decisions made in Hon. Cronan's June 30, 2021 Opinion and Order.*

## I.   **Background**

7.   This action was commenced on August 10, 2020 under the Torture Victim Protection Act of 1991 ("**the TVPA**") and was reassigned to Hon. Cronan on September 29, 2020. A redacted copy of the Complaint in this action is attached hereto as **Exhibit 3**. A copy of the docket sheet in this action, up-to-date as of approximately 8:48 this morning, is attached hereto as **Exhibit 4**. The defendants in this action have been sued under the TVPA for their roles in a conspiracy, carried out under actual or apparent authority or color of law of the State of Israel, to torture and

murder me, a dual-licensed New York and Israeli attorney who exposed massive corruption of the State of Israel, including massive corruption of its Supreme Court.

8. Defaults were entered against five out of eight defendants in this action. On November 6, 2020, defaults were entered against Dr. Kenneth Davis, President and Chief Executive Officer of the Mount Sinai Health System, and Dr. David Reich, President and Chief Operating Officer of the Mount Sinai Hospital. On November 9, 2020, a motion for default judgments against Dr. Kenneth Davis and Dr. David Reich was filed. On December 8, 2020, a default was entered against David Kazhdan and a motion for a default judgment was filed against David Kazhdan. On January 7, 2021, a default was entered against Meir Amir Cohen and a motion for a default judgment was filed against Meir Amir Cohen. On January 8, 2021, a default was entered against defendant Alisa Rubin Peled and a motion for a default judgment against Alisa Rubin Peled was filed on January 10, 2021.

9. On November 24, 2020, in response to my letter-motion seeking that the Court expedite a decision on my motion for default judgments against Drs. Davis and Reich, made after I was almost run-over by a vehicle in what appeared to be a targeted attack, the Court issued an Order holding, *inter alia*, that: "given the interrelated nature of the charges and Plaintiff's suggestion that Defendants were acting in concert, it would be inappropriate to expedite a decision on Plaintiff's pending motion for default judgment this time. Instead, the Court will set a briefing schedule on this motion for default judgment, as well as any other default judgment motions that may be filed, once the remaining Defendants have either entered an appearance and/or a motion for default judgment has been filed as [to] those Defendants." Notably, as discussed *infra*, the Court never set a briefing schedule for any of my motions for default judgments even though by

January 10, 2021, at approximately 1:00 p.m., all of the defendants in this action had either appeared and/or a motion for a default judgment had been filed against them.

## II.     I Was Unconstitutionally Banned by Hon. Cronan From Filing Any Motions or Letter-Motions in This Action

10. On January 20, 2021, hours after I filed a letter requesting that the Court immediately refer the State of Israel and the defendants in this action and their attorneys to the United States Department of Justice for investigation and prosecution of the State of Israel and its actors for terrorist activity on U.S. soil and in Israel, Hon. Cronan issued an Order in which he placed a complete ban on the filing of any motions without leave of Court. He further placed a ban on the filing of any letter-motions without leave of Court. By prohibiting the filing of letter-motions without leave of court, I was banned from seeking leave to file any motions or letter-motions in this action. A Copy of Hon. Cronan's January 20, 2021 Order is attached hereto as **Exhibit 5**. Hon. Cronan's aforementioned Order, taken in the complete absence of any jurisdiction, violated basic constitutional rights of mine and aided and abetted my torture and attempted extrajudicial killings.

## III.     I Was Blocked From Accessing SDNY's ECF Site

11. On July 10, 2021, approximately 10 days after the issuance of Hon. Cronan's June 30, 2021 Opinion and Order, I was almost run over in what clearly appeared to be a targeted attempt to run me over. The following day, I discovered that I had been completely blocked from accessing the SDNY's Electronic Case Filing (ECF) system site (hereinafter: "**ECF**"). I made repeated attempts to access ECF, to no avail. A second computer in my father's home, where I am staying, was also unable to access ECF. On July 12, 2021, I again tried to access ECF to no

5

avail until I remembered that there is an option to access a website in incognito mode. When I

tried to access the ECF site in incognito mode on July 12, 2021, I was immediately able to access

ECF. The facts clearly support an inference that Hon. Cronan, who had, among other things,

previously unconstitutionally blocked me from making filings in this action, was also responsible

for the blocking of my access to ECF, either via the Court's computer system or with the aid of

the Mossad, which is notorious for its excellence in cyberattack abilities.

### IV.   Hon. Cronan Knowingly and Improperly Allowed Attorneys Who Were Not Admitted in This District or *Pro Hac Vice* to Argue on Behalf of Defendants in This Action

12. On November 30, 2020, Erica Liu, Esq., Assistant General Counsel in the Mount Sinai

Health System's Legal Department and counsel for Dr. Kenneth Davis and Dr. David Reich, e-

filed a letter-motion (Dkt. 53) seeking a pre-motion conference for the purpose of obtaining the

Court's permission to file a motion to set aside the defaults entered against her clients and a

motion to dismiss the Complaint for failure to state a cause of action and setting forth her clients'

arguments for vacatur of the defaults and dismissal of the Complaint. At the time she submitted

her letter, Ms. Liu was not admitted in this district and had not applied for, let alone been

granted, *pro hac vice* admission. Instead of admonishing Ms. Liu for her behavior, Hon. Cronan

granted relief desired by Ms. Liu, holding, in a December 2, 2020 Order that, *inter alia*, "[a]fter

reviewing the parties' submissions, the Court finds that a pre-motion conference on Dr. Davis

and Dr. Reich's anticipated motions to vacate the default and to dismiss is unnecessary. The

Court will set a briefing schedule on those motions once Ms. Liu has applied for and has been

admitted to practice *pro hac vice* in this District." In other words, Hon. Cronan improperly

allowed an attorney who is not admitted in this district and who was not at the time admitted *pro*

*hac vice* to this court to argue on behalf of her clients and obtain relief for her clients. Hon.

Cronan accepted Ms. Liu's letter and considered the arguments contained therein, even though

Ms. Liu was legally barred from filing her letter. When Ms. Liu later moved for *pro hac* vice

admission in the evening of December 7, 2020, after 7:00 p.m., Hon. Cronan granted her motion

*almost immediately*, the following morning, *without giving me a reasonable opportunity to

respond to the motion*.

13. On December 10, 2020, a second attorney, Daniel Kazhdan, Esq., from Maryland,

followed the same pattern of behavior as Ms. Liu, filing a letter-motion and arguing on behalf of

his client without being admitted in this district and without being admitted *pro hac vice*. Only

*after* filing his letter-motion did he move for *pro hac vice* admission. Hon. Cronan again ignored

the fact that a lawyer had improperly argued on behalf of his client without being admitted to this

district or *pro hac vice* and did not so much as admonish Mr. Kazhdan for his improper behavior.

Hon. Cronan subsequently, by Order dated December 11, 2020, after granting Mr. Kazhdan's

motion for *pro hac vice* admission, granted Mr. Kazhdan's client leave to file a motion to vacate

the default and a motion to dismiss.

### V. Hon. Cronan Allowed Three Defendants to Move for Dismissal Via *Letter-Motion*, Effectively Granted Me Just Two Days to Respond to their "Motion to Dismiss," and Improperly Represented in His June 30, 2021 Opinion and Order That His Dismissal of the Complaint Against These Defendants Was Done "Sua Sponte"

14. On December 29, 2020, defendants Hon. Esther Hayut, Yosef Meir Cohen, and Hon.

Yael Antebi-Sharon appeared in this action. Instead of filing a formal motion to dismiss, their

counsel, Mark A. Berman, Esq., filed an *eight-page single-spaced letter-motion*, without leave of

court and in violation of this Court's and Hon. Cronan's rules, in which he sought dismissal of

the Complaint against *all three* of his clients, Hon. Esther Hayut (the Chief Justice of the

Supreme Court of the State of Israel), Yosef Meir Cohen (then the Director of the Mossad), and

Hon. Yael Antebi-Sharon (an Israeli judicial official). Although Mr. Berman's letter sets forth

numerous detailed arguments for *dismissal of the complaint as against all three of his clients*,

Mr. Berman improperly represented in his letter that his firm represents Hon. Antebi "for the

limited purpose" of objecting to my Declaration that I properly served Hon. Antebi-Sharon in

Israel. Mr. Berman further stated that his firm also represents Hon. Hayut and Yosef Meir

Cohen, "neither of whom has been served by Plaintiff and the firm is not presently appearing, or

authorized to accept service, on their behalf." A copy of Mr. Berman's letter is attached hereto as

**Exhibit 6**.

15. That same day, on December 29, 2020, I filed a letter in which I requested that Mr.

Berman's improper letter be stricken from the record. My letter stated, *inter alia*:

> Because the "letter" is clearly a motion to dismiss and may
> not be considered a letter-motion as it seeks dispositive
> relief, *i.e.*, the dismissal of the Complaint (*see* Local Civil
> Rule 7.1(d)), I respectfully request that the "letter" be
> stricken from the record as it does not meet the
> requirements for the filing of a motion (*see* Local Civil
> Rule 7.1(a)) nor does it comply with Your Honor's
> Individual Rules and Practices in Civil Cases regarding the
> filing of motions, including the requirement that a party
> request a pre-motion conference prior to filing a motion to
> dismiss.

16. I concluded my letter by stating, *inter alia*, "[b]ecause my deadline to respond to a letter

or letter-motion is, per Your Honor's Rules, two business days, I respectfully request that Your

Honor issue an Order today striking the 'letter' from the record." A copy of my letter is attached

hereto as **Exhibit 7**. Close to seven days went by and the Court did not respond to my request.

Then, on *January 4, 2021*, at the end of the day, at approximately 5:46 p.m., the Court entered a

Memo Endorsement granting me *until January 6, 2021* (*i.e.*, two days) to respond to the unlawfully-filed "motion to dismiss.". The Memo Endorsement indicates that it was signed by Hon. Cronan on *December 29, 2020*, yet held until two days before my deadline to respond to the letter such that I was effectively granted *just two days* to respond to what was effectively a motion to dismiss filed on behalf of three very key defendants in this action. In his Memo Endorsement, a copy of which is attached hereto as **Exhibit 8**, Hon. Cronan stated:

> It is hereby ORDERED that Plaintiff shall have until January 6, 2021 to respond to Defendant the Honorable Yael Antebi-Sharon's December 29, 2020 letter. Plaintiff may submit a letter response of up to eight pages.

> It is further ORDERED that the deadline for Defendant Antebi-Sharon to respond to the Complaint is STAYED pending the resolution of the issues in Defendant's December 29, 2020 letter. The Court will address those issues, including whether service was proper, following receipt of Plaintiffs letter response, and will set a prompt deadline for Defendant Antebi-Sharon's response at that time.

17. Hon. Cronan did not so much as admonish Mr. Berman or his clients for their egregious misconduct in filing the letter. I filed my response on January 6, 2021 as per Hon. Cronan's Memo Endorsement. Months went by and contrary to his representation regarding setting a "prompt deadline" for Hon. Antebi-Sharon to respond to the Complaint, Hon. Cronan never set any deadline for Hon. Antebi to respond to the Complaint. He further ignored my letter-motion dated December 30, 2020 requesting a pre-motion conference for the purpose of seeking leave to file a motion to effect service pursuant to Fed. R. Civ. P. 4(f)(3) on Hon. Esther Hayut and Yosef Meir Cohen (Dkt. 88). Then, suddenly, on June 30, 2021, two days after I served Hon. Hayut and Yosef Meir Cohen via other proper means and filed proof of service as well as a letter explaining that service was properly made in accordance with Israeli law, pursuant to Fed. R. Civ. P. 4(f)(2)(A), Hon. Cronan issued an Opinion and Order, a copy of which is attached hereto as

**Exhibit 13**, in which he, *inter alia*, dismissed the Complaint as against Hon. Esther Hayut, Yosef

Meir Cohen, and Hon. Yael Antebi-Sharon while misrepresenting that he did so "*sua sponte*"

when such dismissal was clearly *not* done *sua sponte* but was done in response to what was

clearly an improperly-filed motion to dismiss, which I was afforded just *two days* to respond to.

 

      **VI.**     **Hon. Cronan Intentionally Stalled the Adjudication of This Action and Service on Defendants Hon. Esther Hayut and Yosef Meir Cohen for Months While Misleading Me to Believe That Once He Ruled on Pending Issues Relating to Service, the Adjudication of This Action Would Continue and My Motions for Default Judgments Would be Briefed**

18. As discussed herein, it is abundantly clear that in order to benefit the defendants, Hon.

Cronan intentionally stalled the adjudication of this action and service on Hon. Esther Hayut and

Yosef Meir Cohen, while misleading me to believe that once he ruled on pending issues relating

to service, the adjudication of this action would continue, Hon. Hayut, Yosef Meir Cohen, and

Hon. Antebi-Sharon would be required to respond to the Complaint, and he would set a briefing

schedule for my motions for default judgments.

19. On December 30, 2020, I filed, *inter alia*, a letter-motion seeking a pre-motion

conference for the purpose of seeking leave to file a motion to effect service pursuant to Fed. R.

Civ. P. 4(f)(3) on Hon. Esther Hayut and Yosef Meir Cohen. My letter was filed in light of clear,

documented interference with the Clerk's FedEx mailings of a Summons and Complaint to Hon.

Esther Hayut and Yosef Meir Cohen. *See* Dkt. 87. For approximately six months Hon. Cronan

ignored my aforementioned letter-motion. For months, Hon. Cronan stalled this action under the

pretext that he needed to resolve issues relating to service.  He repeatedly emphasized that he

needed to make determinations regarding service. In a Memo Endorsement filed on January 4,

2021, Hon. Cronan represented, *inter alia*, that the Court would address the issues raised in Mr.

Berman's December 29, 2020 letter, "including whether service was proper", following receipt

of my letter-response and "will set a prompt deadline for Defendant Antebi-Sharon's response at

that time." In a January 20, 2021 Order, Hon. Cronan noted, *inter alia*, that "the Court notes that

while this case is still at the preliminary stages, as the parties continue to dispute basic issues

such as service of process, there are currently 132 [sic] entries on the docket. Therefore, it is

further ORDERED that no additional motions, including letter motions, may be made without

leave of Court until further notice."  In a February 19, 2021 Order, Hon. Cronan held, *inter alia*:

> On November 24, 2020, the Court stated that it would set
> a briefing schedule for any default judgment motions once
> all Defendants had entered an appearance and/or a motion
> for default judgment has been filed as to those Defendants.
> (Dkt. 50.) The Court reaffirms that it will not set a briefing
> schedule for any motions for default judgment at this time,
> and will instead resolve the numerous pending issues with
> service in this case.

20. That Hon. Cronan was intentionally stalling the adjudication of this action so as to benefit

the defendants became abundantly clear in late June 2021. Toward the end of June 2021, having

waited almost six months for a response from the Court to my letter-motion regarding alternative

service, and having received none, I effected service via other proper means. On June 28, 2021, I

filed proof of service as well as a letter to the Court explaining why service was proper under

Fed. R. Civ. P. 4(f)(2)(A). After months of repeatedly ignoring important requests I made to the

Court, Hon. Cronan, who had clearly been trying to prevent or delay service on Hon. Hayut and

Yosef Meir Cohen and stall or prevent the adjudication of this action, suddenly took action,

issuing, just two days later, an Opinion and Order vacating four out of five clearly-willful

defaults (without ever allowing me to brief my motions for default judgments as he had

previously indicated he would do), improperly ordering that a motion to vacate a fifth default

could be made via letter-motion if the defendant so chooses, dismissing this action as against

Hon. Hayut, Yosef Meir Cohen, and five other defendants, and denying, *inter alia*, my request to refer the State of Israel and the defendants in this action and their attorneys to the U.S. Attorney for the Southern District of New York for investigation and prosecution, improperly labeling this and other requests of mine as "frivolous and without a basis in fact or law."

21. Notably, despite Hon. Cronan's clear indication that the adjudication of this action would continue as soon as he determines issues relating to service, in his June 30, 2021 Opinion and Order, Hon. Cronan suddenly presumed that service was proper and that the Court has personal jurisdiction as to all defendants except as to Meir Amir Cohen, who he noted had contested service but who had never moved to vacate the default entered against him. He further vacated four out of five clearly-willful defaults and dismissed the Complaint as to seven out of eight defendants, while ordering that an eighth defendant, in default, could move to vacate the default entered against him via letter-motion if he chooses. Hon. Cronan misled me for months to believe that as soon as he ruled on issues relating to service, the adjudication of this action would continue and he would set a briefing schedule on my motions for a default judgment.

**VII.     The Court Allowed Defendants in This Action to Abuse Me and Ignored My Repeated Pleas for Help**

22. During the litigation of this action, I filed numerous letter-motions or letters notifying the Court of egregious misconduct of defendants and their attorneys, among others. At times, I expressed that my life is in grave danger and at least once I pleaded with the Court to help save my life and my father's life. Instead of responding to my letters, as he should have, Hon. Cronan callously ignored me. Some of my requests he terminated with no explanation in his June 30, 2021 Opinion and Order, others he improperly labeled as "frivolous and without a basis in fact or law" in his June 30, 2021 Opinion and Order, and others he, to this day, never addressed at all.

12

23. For instance, on December 23, 2020, I notified Hon. Cronan of significant perjury in a Declaration of Sara Kluge filed on behalf of Drs. Kenneth Davis and David Reich, in which Ms. Kluge claimed, *inter alia*, that she, another social worker employed by the Mount Sinai Health System, and a Mount Sinai Health System driver were the team that came for me to my father's home on June 30, 2020. That Declaration is readily proven to be false. In my December 23, 2020 letter to the Court, I notified the Court that Sara Kluge's Declaration contains countless perjurious statements, including perjurious statements that are inconsistent with her having been present at the June 30th incident. Specifically, I noted that among other perjury in her Declaration, Ms. Kluge falsely stated that she held up her "Mount Sinai badge" to the "Ring" video doorbell. My father's home does not have, and at no time since my family moved into the home in approximately 1990 has the house ever had, any "Ring" video doorbell or any form of video doorbell or any video monitor on the outside of the house. *Neither Dr. Davis nor Dr. Reich, nor anyone on behalf of the Mount Sinai Health System filed any response to my December 23, 2020 notice to the Court regarding significant perjury in Ms. Kluge's Declaration.* I subsequently filed, on December 29, 2020, a letter-motion requesting a pre-motion conference for the purpose of seeking leave to file a motion for, *inter alia*, the commencement of a criminal contempt proceeding against Ms. Kluge and defendants Drs. Davis and Reich in connection with such perjury. That letter-motion, filed as Dkt. 86, a copy of which is attached hereto as **Exhibit 9**, was terminated, with no explanation, by the Court approximately six months later, in a June 30, 2021 Opinion and Order of Hon. Cronan. By never addressing this letter-motion, Hon. Cronan significantly endangered my life as well as the lives of family members of mine.

24. Notably, months later, on May 3, 2021, at approximately 2:07 a.m., my father's car, parked in front of my father's home, where I am staying, was vandalized by a man who carried a

13

heavy NYC street garbage can all the way down from West End Avenue (my father's home is located near Riverside Drive), past approximately twelve parked cars, and threw it on my father's windshield, completely shattering the windshield. This was clearly a targeted attack. A neighbor's video surveillance camera captured the incident. On May 9, 2021, after obtaining surveillance footage of the incident, I wrote to Hon. Cronan, notifying him of such incident, attaching screenshots of the surveillance footage, and notifying him, *inter alia*, that it appears to me that the man who vandalized my father's car is *the same man who drove the run-down, fake-looking van with the Mount Sinai hospital logo that arrived for me at my father's home on June 30, 2020*, a photo of whom I provided to the Court. A copy of my May 9, 2021 letter is attached hereto as **Exhibit 10**. Hon. Cronan never addressed my May 9, 2021 letter.

25. Moreover, after I was abused when defendant Alisa Rubin Peled's motions to vacate the default entered against her and her motion to dismiss were intentionally and improper filed as a motion for "Entry of Default as to Appel" and as a motion for a default judgment, Hon. Cronan ignored this egregious and abusive misconduct. Even though Dr. Peled and her attorney *never denied* that these motions were *fraudulently filed with the intention of misleading the public to believe that I have defaulted in this action*, Hon. Cronan never so much as admonished Dr. Peled or her attorney. In fact, Hon. Cronan never responded at all to my letters regarding, *inter alia*, perjury and/or obstruction of justice of Dr. Peled and improper filings made by Dr. Peled in this action, filed as Dkts. 151 and 159, attached hereto as **Exhibit 11** and **12**, respectively.

26. Moreover, after I was threatened by defendant David Kazhdan and his attorney Daniel Kazhdan, Esq. to withdraw my Complaint in its entirety, I filed a letter-motion dated January 17, 2021 seeking that the Court immediately refer Daniel Kazhdan and David Kazhdan to the United States Attorney for the SDNY for prosecution under 18 U.S.C. § 1512(b)(1)-(3) for tampering

with a witness, victim, and informant (Dkt. 127). The following day, the Court requested that I refile such letter-motion as a letter, which I did (Dkt. 130). By Opinion and Order dated June 30, 2021, Hon. Cronan improperly denied my request made in Dkts. 127 and 130 as "frivolous and without a basis in fact or law."

27. By failing to address the many documented instances of abusive litigation conduct of defendants/their attorneys in this action, Hon. Cronan facilitated my continued abuse.


**VIII.   In Vacating the Defaults Entered Against Dr. Davis and Dr. Reich, Hon. Cronan Improperly Chose to Rely Upon Factual Allegations Made in a Memorandum of Law, Which is Not Evidence**

28. In his Opinion and Order dated June 30, 2021, Hon. Cronan improperly relied, in vacating the defaults entered against Drs. Davis and Reich, on statements made in a Memorandum of Law, which is not evidence. In his June 30, 2021 Opinion and Order, Hon. Cronan stated, *inter alia*, with respect to the defaults of Drs. Kenneth Davis and David Reich:

> The Mount Sinai Defendants have attested that their
> failure to respond in a timely manner was 'due to mere
> carelessness and negligence.' Dkt. 82, Exh. 2 at 7. The
> Mount Sinai Defendants have provided a detailed account
> of how this occurred, and have explained that this was due
> in part to the COVID-19 pandemic, which has impacted
> the daily operations of the Mount Sinai Health System,
> including its legal department. *Id.* at 7, 8-9.

June 30, 2021 Opinion and Order at p. 13.

29. Docket 82, Exhibit 2, cited to by Hon. Cronan, is a *memorandum of law*, which is not evidence. It is highly improper that Hon. Cronan chose to vacate the clearly-willful defaults of Drs. Davis and Reich, clearly knowing that in doing so he endangered my life, while relying on statements made in a *memorandum of law*.

30. Notably, Drs. Davis and Reich never submitted any affidavit or declaration in which they personally explained the reasons for their default. Instead, their attorney, Erica Liu, Esq., who represented to the Court by letter dated November 30, 2020 (Dkt. 53) that she only recently joined the Mount Sinai Health System's Legal Department, submitted a Declaration dated December 22, 2020 (Dkt. 82-1) in which she made statements regarding alleged reasons for the defaults of her clients, with respect to which she clearly did not have personal knowledge. Moreover, in her Declaration, she neglected to mention any alleged impact of COVID-19 on the Mount Sinai Health System, choosing to mention it in her clients' Memorandum of Law (Dkt. 82-2), *which was not submitted under penalty of perjury*. After I submitted my opposition to the motion, in which I pointed this out, Ms. Liu chose to file a reply declaration in which she discussed the alleged impact of COVID-19 on the Mount Sinai Health System's Legal Department *generally* but *did not* claim that it had any effect on her clients' defaults. [Notably, when I requested leave to file a sur-reply declaration and memorandum of law to discuss new statements of facts contained in the motions to vacate the defaults of Drs. Davis and Reich and a third defendant, my request was denied. *See* Dkt. 134.] In light of all of the above, Hon. Cronan was precluded from, *inter alia*, accepting COVID-19 as an "excuse" for the defaults of Drs. Davis and Reich.

IX.    **Hon. Cronan Improperly Declined to Refer the Defendants and Their Attorneys for Criminal Investigation/Prosecution**

31. Despite overwhelming evidence of criminal activity by the defendants and their attorneys, and despite his knowledge that my life was, and is, in grave danger, Hon. Cronan declined to refer the defendants and their attorneys for criminal investigation. Instead, Hon. Cronan improperly labeled my request for the referral of the State of Israel and the defendants

16

and their attorneys to the United States Attorney for the Southern District of New York for investigation and prosecution for terrorism of the State of Israel and its actors on U.S. soil and in Israel as "frivolous and without a basis in fact or law", thereby facilitating my continued torture and murder. I note that since the issuance of Hon. Cronan's June 30, 2021 Opinion and Order, I was again almost run over by a car and I continued to be tormented by cyber terrorism, including, but not limited to, threats that I will be killed.

32. Moreover, Hon. Cronan improperly chose to characterize letter-motions of mine which sought *pre-motion conferences* for the purpose of *seeking leave* to file motions for the commencement of criminal contempt as "frivolous and without a basis in fact or law" even though I was never afforded the opportunity to actually file the motions I sought to file nor was I afforded any pre-motion conference for the purpose of seeking leave to file such motions. For instance: In Dkt. 90, I sought, via letter-motion dated December 30, 2020, a pre-motion conference for the purpose of seeking leave to file a motion, pursuant to 18 U.S.C. § 401(1) and Fed. R. Crim. P. 42(a), for the commencement of a criminal contempt proceeding against Erica Liu, Esq. In Dkt. 119, I sought, via letter-motion dated January 12, 2021, a pre-motion conference for the purpose of seeking leave to file a motion, pursuant to 18 U.S.C. § 401(1) and Fed. Crim. P. 42(a), for the commencement of a criminal contempt proceeding against David Kazhdan and his attorney, Daniel Kazhdan, Esq. In his June 30, 2021 Opinion and Order, Hon. Cronan held, *inter alia*, that "…Plaintiff's requests (1) for the commencement of criminal contempt proceedings against Erica Liu, counsel for the Mount Sinai Defendants, Dkt. 90, and David Kazhdan and his attorney, Daniel Kazhdan, Dkt. 119…are frivolous and without a basis in fact or law." *See* June 30, 2021 Opinion and Order at p. 21. In essence, Hon. Cronan improperly converted each of my letter-motions requesting a pre-motion conference for the

purpose of seeking leave to file a motion *into the motion itself* when no motion was ever filed.

He then improperly dismissed such letter-motions as "frivolous and without a basis in fact or

law."

X. **Hon. Cronan Falsified the Record in His June 30, 2021 Opinion and Order and Moreover Ignored Facts Alleged in the Complaint and Evidence Presented to <u>Him</u>**

33. Hon. Cronan's June 31, 2021 Opinion and Order is replete with falsifications of the

record in this action. Moreover, while Hon. Cronan stated toward the beginning of his Opinion

and Order that the facts of the Complaint are "assumed true" only for purposes of his Opinion

(*see* June 30, 2021 Opinion and Order at p. 2), he did *not* in fact assume the facts in the

Complaint to be true for the purposes of his Opinion and Order. In rendering his June 30, 2021

Opinion and Order, Hon. Cronan further ignored facts alleged in the Complaint and evidence

presented to him.

34.  In his June 30, 2021 Opinion and Order, Hon. Cronan appears to mock me, stating that

"Plaintiff's theory is that she had a dispute over an apartment in Israel, which led to a widespread

conspiracy on behalf of the State of Israel to murder her" (*see* June 30, 2021 Opinion and Order

at p. 19) when a simple reading of the Complaint shows that such statement of Hon. Cronan

*grossly misrepresents* the nature of the Complaint and the facts contained therein. It

conspicuously neglects to mention that, as alleged in the Complaint, I publicly exposed massive

corruption of the Supreme Court of Israel, which was followed immediately or almost

immediately by attempted extrajudicial killings and other torture.

35. In his June 30, 2021 Opinion and Order, Hon. Cronan moreover repeatedly blatantly

*ignored* facts in the Complaint and then concluded that the Complaint does not allege facts to

support claims in the Complaint. By way of example, Hon. Cronan stated at p. 20 of his Opinion and Order that "[t]he Complaint simply does not contain sufficient facts that would allow the Court to draw a reasonable inference that this van was anything other than what Mount Sinai allegedly told Plaintiff it was – a van sent pursuant to a wellness check." A simple reading of the Complaint shows otherwise. The Complaint alleges, *inter alia*, that the van that arrived for me at my father's home, which arrived *one day* after I e-mailed my brother suggesting that he immediately look into whether his newborn son was a victim of foul play at Mount Sinai Hospital, *looked fake* and was run-down; that after I contacted executives of the Mount Sinai Health System to ascertain whether these were Mount Sinai Hospital personnel, the Head of Security was immediately notified and despite my repeated, urgent requests, *no one* would confirm or deny whether this was a Mount Sinai Health System van and whether these were Mount Sinai Health System employees until *two days* after security was first notified; and that there was no plausible explanation for why the Mount Sinai Health System should have sent a wellness team to my father's home to speak with me. These facts *alone* support a reasonable inference that this was *not* a van sent pursuant to a wellness check and these are not the only facts alleged in the Complaint that support such an inference. Moreover, Hon. Cronan chose not to address blatant perjury of Sara Kluge submitted on behalf of Drs. Kenneth Davis and David Reich concerning the visit of the run-down, fake-looking van with the Mount Sinai Hospital logo that arrived for me at my father's home on June 30, 2020, as discussed *supra*.

36. Hon. Cronan further stated in his June 30, 2021 Opinion and Order that "the Complaint does not allege any non-conclusory facts to support a reasonable inference that Kazhdan, Peled, or the Mount Sinai Defendants acted upon actual or apparent authority or color of law, of the State of Israel." This is clearly contradicted by the facts in the Complaint.

37. Hon. Cronan further held that "setting aside the defaults will not prejudice Plaintiff" when the evidence before him clearly showed that I would be *severely prejudiced* if the defaults were to be vacated.

38. In his June 30, 2021 Opinion and Order, Hon. Cronan further held, *inter alia*, that "there is nothing to suggest that these Defendants [David Kazhdan, Alisa Rubin Peled, Dr. Kenneth Davis, and Dr. David Reich] willfully defaulted." *See* June 30, 2021 Opinion and Order at p. 12. Again, here Hon. Cronan blatantly ignored the record in this action, including clear evidence presented to him showing that the defaults were all willful. He moreover chose to ignore, and not address, clearly perjurious statements made and/or clear fraud committed by defendants in this action in their efforts to vacate the defaults entered against them.

39. Hon. Cronan further improperly represented in his June 31, 2020 Opinion and Order that Meir Amir Cohen had requested "that the Court hold in abeyance his time to respond to the Complaint until all of the service issues were resolved. Dkt. 115." The documentary evidence, *i.e.*, Meir Amir Cohen's letters dated January 5, 2021 and January 7, 2021 filed as Dkts. 114 and 115, respectively, clearly show that this is *not* what Meir Amir Cohen requested. In his letter dated January 5, 2021, which he incorporated by reference into his letter dated January 7, 2021, Meir Amir Cohen stated, *inter alia*:

> I respectfully submit this request to suspend all matters concerning myself – including my time to respond to the complaint – pending resolution of submissions by several other defendants, including motions to dismiss and other requests by letter, which at the very least could significantly impact the viability of plaintiff's claims against me and the further conduct of this case.

Clearly, Meir Amir Cohen did *not* request that the Court "hold in abeyance his time to respond to the Complaint until all of the service issues were resolved" as Hon. Cronan represented in his

20

June 30, 2021 Opinion and Order. Meir Amir Cohen made clear that he chose to willfully default

and strategically wait on the sidelines and observe how the Court would rule on, *inter alia*,

pending motions to dismiss prior to deciding whether to make an appearance in this action.

## XI.   The Court Improperly Allowed a Defendant to Move to Vacate His Default Via Letter-Motion and Misrepresented the Circumstances of the Defendant's Default

40. In Hon. Cronan's June 30, 2021 Opinion and Order, he improperly held that Meir Amir

Cohen, the only remaining defendant in default, could move to vacate the default against him via

*letter-motion*. Moreover, as discussed *supra*, in his Opinion and Order, Hon. Cronan

misrepresented the circumstances surrounding Meir Amir Cohen's default.

## XII.   After the Filing of My Lawsuit Against Hon. Cronan, He Failed to Recuse Himself From This Action as Required by Law and Failed to Reject Himself From Presiding Over the Lawsuit Filed Against Him

41. As discussed *supra*, after I commenced a lawsuit against him on July 15, 2021, Hon.

Cronan did not recuse himself from presiding over this lawsuit as required by law. Instead, he

continued to preside over this action, even ruling on a request by a defendant to move for

sanctions against me (*see* Dkt. 180), despite his knowledge of the pendency of the lawsuit I filed

against him.

42. Moreover, although the lawsuit against Hon. Cronan was transferred to him by the

Clerk's Office on July 16, 2021 pursuant to Rule 13 of the Rules for the Division of Business

Among District Judges "so that he shall decide whether to accept or reject the case" (*see* Rule

13(b)(2)), Hon. Cronan did not reject the case but instead improperly chose not to make any

determination as to whether to accept or reject the case.

WHEREFORE, for all of the reasons discussed herein and in my accompanying memorandum of law, I respectfully request that Hon. Cronan immediately issue an Order recusing himself from continuing to preside over this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York                    S/ Ronit D. Appel
      July 26, 2021                              Ronit D. Appel