```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
RONIT D. APPEL,                                                        :
                                                                       :
                              Plaintiff,                               :
                                                                       :        20 Civ. 6265 (JPC)
               -v-                                                     :
                                                                       :        OPINION AND ORDER
HON. ESTHER HAYUT et al.,                                              :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On June 30, 2021, the Court issued an Opinion and Order dismissing this case as to all but one Defendant, Meir Amir Cohen. Dkt. 175 ("Opinion" or "June 30, 2021 Opinion"). In the Opinion, the Court rejected Cohen's argument that he had not been properly served with the Complaint, but gave him until July 30, 2021 to move to set aside the default that had been entered against him. *Id.* at 1. Now before the Court are Cohen's letter-motion to set aside the default and to dismiss this case, Dkt. 185, and Plaintiff's motion for recusal based on a separate lawsuit she has filed against the undersigned, Dkt. 181. For reasons that follow, the Court denies Plaintiff's motion for recusal and grants Cohen's motion to set aside the default and to dismiss.

## I. Background

The Court detailed the facts and procedural history of this case in the June 30, 2021 Opinion. *See* Opinion at 2-8. After the Court issued the Opinion, Plaintiff filed suit against the undersigned, bringing claims for deprivation of Plaintiff's constitutional rights and violation of the Torture Victim Protection Act ("TVPA"). *See Appel v. Cronan* ("Cronan Action"), No. 21 Civ. 6101 (BMC). The Honorable Laura Taylor Swain issued an Administrative Order determining that all district judges in the United States District Court for the Southern District of New York were disqualified from presiding over the Cronan Action and requesting that the Chief Judge of the

United States Court of Appeals for the Second Circuit "designate a District Judge from outside the Southern District of New York, but from within the Second Circuit, pursuant to 28 U.S.C. § 292(b), or, in the alternative, 28 U.S.C. § 294(c), to perform the duties of a United States District Judge temporarily for the Southern District of New York for the specific case *Ronit D. Appel v. John P. Cronan*, 21-cv-6101 (UA), and all related matters." Cronan Action, Dkt. 7. Plaintiff then moved for the undersigned to be disqualified from this case. Dkt. 183.

The Cronan Action was assigned to the Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation. Plaintiff filed a statement of relatedness in the Cronan Action, asserting that this action and that action are related. Cronan Action, Dkt. 5. Plaintiff also moved for this action to be reassigned to Judge Cogan. Cronan Action, Dkt. 8. Judge Cogan issued a text-only order denying Plaintiff's motion to deem the cases related because the issues in the two cases "are distinct" and because "accepting the case as related would allow plaintiff to obtain a different judge for the first case without meeting the standard for recusal." Cronan Action, Dkt. 9. Judge Cogan then dismissed the Cronan Action as frivolous, concluding that Plaintiff's "conclusory assertions about Judge Cronan's 'extrajudicial killings and torture' lack an arguable basis in fact" and that the undersigned is immune from suit. Cronan Action, Dkt. 10 at 2-3.

Then, in this case, Cohen submitted a letter-motion to vacate the "default judgment" and to dismiss. Dkt. 185. This letter-motion was apparently sent via e-mail to the parties, the Clerk's Office, and the Court on July 29, 2021. Plaintiff submitted a response to Cohen's letter-motion that day. Dkt. 184. However, the Court understands from a subsequent e-mail Cohen sent to the Court and the parties that there was a technical issue submitting it to the Clerk's Office for filing. As such, Cohen's letter-motion was not filed on the docket until August 2, 2021.

## II. Discussion

The Court first addresses Plaintiff's motion for recusal, before turning to Cohen's motion to set aside the default and to dismiss.

### A. Plaintiff's Motion for Recusal

Plaintiff moves for recusal on two principal bases. First, Plaintiff contends that Chief Judge Swain's Administrative Order mandates recusal since Chief Judge Swain deemed all judges in this District to be disqualified from the Cronan Action and "all related matters." Dkt. 183 at 1-2. Second, Plaintiff contends that, pursuant to 28 U.S.C. § 455(a), (b)(4), (b)(5)(iii), the undersigned is "required" to "disqualify himself from this action" because of the undersigned's "many corrupt, unlawful, and/or improper actions and decisions in this action" and because Plaintiff filed the Cronan Action. Dkt. 183 at 2-4.

Under section 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This provision governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown." *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). "The determination of whether such an appearance has been created is an objective one based on what a reasonable person knowing all the facts would conclude." *Id.* Under sections (b)(4) and (b)(5)(iii), a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" and where the judge knows himself "to have an interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4), (b)(5)(iii).

Recusal is not warranted here. First, Chief Judge Swain's Administrative Order does not mandate that the undersigned recuse from this matter. As Judge Cogan has already concluded, this action and the Cronan Action are not related. *See* Cronan Action, Dkt. 9. Second, Plaintiff has not

3

set forth any facts that would cause a reasonable person to find that the undersigned's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or that raise a legitimate question of whether the undersigned has personal bias, prejudice, or an interest in the action, *id.* § 455(b)(4), (b)(5)(iii). Plaintiff's conclusory allegation that the undersigned has engaged in "many corrupt, unlawful, and/or improper actions," Dkt. 183 at 2-3, is insufficient. And, contrary to Plaintiff's apparent belief, she cannot mandate recusal by filing suit against the judge presiding over her case. *See Penn v. City of New York*, No. 19 Civ. 2106 (JMF), 2019 WL 2085135, at *1 (S.D.N.Y. May 13, 2019) ("It is well settled that a party may not procure a judge's recusal merely by suing the judge."). Moreover, the suit against the undersigned has been dismissed as frivolous. *See* Cronan Action, Dkt. 10. Accordingly, the Court denies Plaintiff's motion for recusal.

### B. Cohen's Motion to Set Aside the Default

The Court next turns to Cohen's request to vacate the "default judgment" against him. The Court interprets this as a motion to set aside the default, as no judgment has been entered in this case. Rule 55(c) of the Federal Rules of Civil Procedure provides that an entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). In assessing whether there is "good cause," courts look to (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). A court's discretion to vacate a default is "circumscribed" in scope as "a reflection of [the Second Circuit's] oft-stated preference for resolving disputes on the merits." *Id.* at 95; *id.* at 96 ("[D]efaults are generally disfavored and are reserved for rare occasions . . . ."). Thus, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

These factors all weigh in favor of setting aside the default. First, the record does not reflect that Cohen's default was willful. The Second Circuit "ha[s] previously 'interpreted "willfulness,"

4

in the context of a default, to refer to conduct that is more than merely negligent or careless,' but is instead 'egregious and . . . not satisfactorily explained.'" *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (alteration in original) (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). After being notified of this case, Cohen promptly submitted two letters and asserted he was not properly served. Dkts. 114, 115. Although the Court ultimately found service to be proper, Cohen's decision to promptly submit correspondence to the Court weighs against a finding of willfulness. Second, setting aside the default will not prejudice Plaintiff. Plaintiff speculates that her "life will be in even greater danger" if the Court grants Cohen's motion. Dkt. 184 at 2. But as the Court made clear in the June 30, 2021 Opinion, Plaintiff cannot rely on such speculative assertions and cannot use the default judgment procedure to circumvent a ruling on the merits. *See* Opinion at 13 ("But this conjecture [that Defendants' will fabricate evidence] does not weigh against setting aside the defaults to allow Defendants to contest this action on the merits."). Third, as detailed below, Cohen has raised a meritorious defense.

Plaintiff makes a litany of other arguments in opposition to Cohen's letter-motion. *See* Dkt. 184. The Court concludes that none of these have merit and instead finds good cause to set aside the default. The Court therefore also denies Plaintiff's pending motion for default judgment against Cohen. Dkt. 107.

**C. Cohen's Motion to Dismiss**

Finally, Cohen moves to dismiss the claims against him on the basis that Plaintiff has failed to state a claim. *See* Dkt. 185 at 2-3. The Complaint accuses Cohen of being a "money launderer" and a "criminal." Dkt. 1 ¶¶ 5, 14, 29, 32, 34. The allegations against Cohen focus on his role as an attorney in a suit filed against Plaintiff in Israel. *See, e.g., id.* ¶¶ 14, 29. The Complaint alleges that, "[u]pon information and belief, Meir Amir Cohen is working with the Mossad and/or aiding

5

and abetting the Mossad in its infliction of torture on [Plaintiff] and in its attempts to assassinate [Plaintiff] by, among other things, implicitly threatening [Plaintiff] with the loss of her home and her personal belongings in Israel if she does not return to Israel immediately, where she will, upon information and belief, be murdered by the State of Israel." *Id.* ¶ 5. The Complaint further contends that Cohen "may be involved in the assassination attempts" against Plaintiff, *id.* ¶ 32, and his apparent access to her apartment in Israel "may endanger her security and her property," *id.* ¶ 33.

The conclusions in the Court's June 30, 2021 Opinion dismissing Plaintiff's claims against the other Defendants are equally applicable to the claims against Cohen. *See* Opinion at 14-21. As detailed in that Opinion, Plaintiff has not sufficiently pleaded that she was a victim of torture under the statute, that she was in the "custody or physical control" of any of the Defendants, or that Cohen acted upon actual or apparent authority, or color of law, of the State of Israel. Plaintiff's *ad hominem* attacks and conclusory allegations that Cohen "may" be involved in a conspiracy with the Mossad do not make Plaintiff's claims plausible. As there simply are no facts supporting that Cohen was involved in a conspiracy to torture or murder Plaintiff, Plaintiff's claims against him must be dismissed.

### III. Conclusion

For the reasons stated in the Court's June 30, 2021 Opinion and above, Plaintiff's motion for recusal is denied and her Complaint is dismissed with prejudice as to Meir Amir Cohen, the last remaining Defendant in this case. The Clerk of the Court is respectfully directed to terminate all pending motions and close this case. The Clerk of the Court is further directed to mail a copy of this Opinion and Order to Defendant Meir Amir Cohen at the address listed in Docket Number 64.

SO ORDERED.

Dated: August 3, 2021
New York, New York

                                            _____
                                            JOHN P. CRONAN
                                            United States District Judge

6